T.C. Summary Opinion 2002-24

UNITED STATES TAX COURT

KAREN ANN CICCHINI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4127-01S.                    Filed March 26, 2002.

Karen Ann Cicchini, pro se.

<u>John W. Strate</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.[1]  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

_____

[1] Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 1998,
the taxable year in issue.

Respondent determined a deficiency in petitioner's Federal income tax for 1998 in the amount of $2,134.

After a concession by respondent,[2] the issues for decision are as follows:

(1) Whether petitioner is entitled to deductions for dependency exemptions for her two sons.  We hold that she is.

(2) Whether petitioner is entitled to a child tax credit in respect of her two sons.  We hold that she is.

Background

Many of the facts have been stipulated, and they are so found.

At the time that the petition was filed, petitioner resided in Santa Maria, California.

A.  Petitioner's Marriage and Children

In May 1980, petitioner and Dean William Anker (Mr. Anker) were married in West Point, New York.  The couple had two sons: Francis Gregory Anker, who was born in June 1982, and Daniel Thomas Anker, who was born in January 1984 (collectively, the children or petitioner's sons).

B.  Petitioner's Divorce

In or about 1984, petitioner and Mr. Anker experienced marital discord, and divorce proceedings were commenced.  Both

_____

[2] Respondent concedes that petitioner's filing status for 1998 is head-of-household.

petitioner and Mr. Anker were represented by counsel in these proceedings.

On September 11, 1984, the District Court of Coryell County, Texas (the Texas State court) entered an Agreed Decree of Divorce (the divorce decree). In the divorce decree, the Texas State court awarded custody of the children to petitioner and ordered Mr. Anker to pay:

> child support in the amount of $400.00 per month, with the first payment being due and payable on the 1st day of July, 1984, and a like payment being due and payable on the same day of each month thereafter until the date any child reaches the age of 18 years * * * .

In the divorce decree, the Texas State court also ordered that Mr. Anker:

> shall have the right to claim the dependency exemptions for the children of the marriage for the purpose of federal income taxes for 1984 and all subsequent years, so long as all child support herein ordered to be paid by claimant is timely paid.

C.  Mr. Anker's Failure To Make All Child Support Payments

For several years after the entry of the divorce decree, Mr. Anker did not conscientiously discharge his duty to pay monthly child support as ordered by the Texas State court, and on more than one occasion petitioner found it necessary to ask the Texas State court to enforce its child support order. This pattern came to a climax on April 12, 1988, when the Texas State court issued an order finding that Mr. Anker was in arrears in the payment of child support in the amount of $15,200 and holding him

in civil contempt for nonpayment.[3]

While contemplating the Texas State court's order of April 12, 1988, apparently from within a cell of the Coryell County jail, Mr. Anker had an epiphany and, on April 20, 1988, he paid $15,000 into the registry of the Texas State court. Of this amount, $13,777.98 was paid over to petitioner as child support.[4] Also, for each of the 100 months from May 1988 through August 1996, Mr. Anker timely paid $425, an amount representing his monthly court-ordered child support of $400 plus $25 toward his remaining child-support arrearage. The additional amount paid, however, did not extinguish Mr. Anker's arrearage.

D.  The Agreed Order of August 9, 1996

On August 9, 1996, an Agreed Order was presented to the Texas State court for its approval. Petitioner was represented by counsel at the time, who approved the order "as to form".

The Texas State court approved the Agreed Order and entered it on August 9, 1996. In the Agreed Order, the Texas State court

---

[3]  The Texas State court's order determined only Mr. Anker's arrearage through the month of January 1988. Mr. Anker did not make the payments that were due on the 1st day of February, March, and April 1988. Thus, as of the date of the Texas State court's order, Mr. Anker's arrearage actually was $16,400; i.e., $15,200 plus $400 x 3.

[4] The balance of the $15,000 payment, $1,222.02, was allocated to attorney's fees ($962.50) and court costs ($259.52).
Although Mr. Anker's payment did not fully satisfy the arrearage, the Texas State court apparently released him from custody.

increased Mr. Anker's monthly child support obligation from $400 to $593.41, effective September 1, 1996.

### E.  Petitioner's Federal Income Tax Return for 1998

Petitioner timely filed a Federal income tax return for 1998.  On her return, petitioner designated her filing status as head-of-household, and she claimed her two sons as dependents. Petitioner also claimed a child tax credit in respect of her sons.

### F.  The Notice of Deficiency

In the notice of deficiency, respondent determined that petitioner was not entitled to deductions for dependency exemptions because the divorce decree authorized Mr. Anker to claim those deductions.  Respondent also determined that petitioner was not entitled to the child tax credit.  Finally, respondent determined that petitioner's filing status is single. However, as previously mentioned, respondent conceded at trial that petitioner's filing status is head-of-household, as originally designated by petitioner on her return.

### Discussion

### A.  Deductions for Dependency Exemptions

Section 151(a) authorizes deductions for the exemptions provided by that section.  In particular, section 151(c)(1) provides an exemption for each of a taxpayer's dependents as defined in section 152.

Section 152(a)(1), as relevant herein, defines the term "dependent" to mean a taxpayer's child, provided that more than half of the child's support was received from the taxpayer or is treated under section 152(e) as received from the taxpayer.

Section 152(e)(1), as relevant herein, provides as a general rule that in the case of a child of divorced parents, the child shall be treated as receiving over half of his or her support from the custodial parent. However, section 152(e)(4) provides an exception to the general rule for certain pre-1985 instruments.

Section 152(e)(4)(A) provides that a child of divorced parents shall be treated as receiving over half of his or her support from the noncustodial parent if: (1) A qualified pre-1985 instrument between the child's parents provides that the noncustodial parent shall be entitled to claim the child as a dependent; and (2) the noncustodial parent provides at least $600 for the support of the child during the year in issue.

Section 152(e)(4)(B), as relevant herein, defines the term "qualified pre-1985 instrument" to mean a divorce decree: (1) That is executed before January 1, 1985; (2) that contains a provision providing that the noncustodial parent shall be entitled to claim the child as a dependent; and (3) that is not modified on or after January 1, 1985, to expressly provide that

the provisions of section 152(e)(4) shall not apply to such decree.

The parties disagree whether section 152(e)(4) applies in the present case. The dispute centers on whether Mr. Anker was in arrears in the payment of child support. In this regard, it should be recalled that in the divorce decree, the Texas State court directed that Mr. Anker

> shall have the right to claim the dependency exemptions
> for the children of the marriage for the purpose of
> federal income taxes for 1984 and all subsequent years,
> so long as <u>all</u> child support herein ordered to be paid
> by claimant is <u>timely</u> paid. [Emphasis added.]

Respondent appears to concede that if Mr. Anker were in arrears in the payment of child support, then section 152(e)(1), rather than section 152(e)(4), would provide the rule for decision and petitioner would prevail. See <u>Flatt v. Commissioner</u>, T.C. Memo. 1986-495, wherein we held that "where a divorce agreement <u>conditions</u> the claim for dependency exemptions upon the performance of specific obligations, it is appropriate for this Court to determine if, in fact, the party obligated to meet such conditions has fully complied."

Mr. Anker's court-imposed child support obligation for the 14-1/2 year period from July 1984 through December 1998 was $75,015.48.[5] The exhibits in the present case, particularly the

---

[5] Computed as follows: $400/month x 146 months plus $593.41/month x 28 months.

Child Support Record maintained by the Texas State court, indicate that Mr. Anker paid $74,893.46 for that period.[6] Accordingly, it cannot be said that "all child support herein ordered to be paid by claimant [was] timely paid."

In view of the foregoing, we hold that petitioner is entitled to deductions for dependency exemptions for her two sons. Sec. 152(e)(1).

B.  Child Tax Credit

Section 24(a) authorizes a $400 child tax credit with respect to each "qualifying child" of the taxpayer. The term "qualifying child" is defined in section 24(c). As relevant herein, a "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151. Sec. 24(c)(1)(A).

We have already held that petitioner is entitled to deductions under section 151 for dependency exemptions for her two sons. Accordingly, each of petitioner's sons is a "qualifying child" within the meaning of section 24(c). Accordingly, and because respondent does not suggest that petitioner does not otherwise satisfy the requirements of applicable law, petitioner is entitled to a child tax credit under section 24(a) in respect of her sons.

---

[6] This amount is net of dishonored checks.

C.  Conclusion

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect respondent's concession and our disposition of the disputed issues,

Decision will be entered

for petitioner.